IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRANDON T. SHOWELL, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-025-LPS |
| GOVERNOR JOHN CARNEY, et al., | : |
| Defendants. | : |

Brandon Troy Showell, Sussex Correctional Institution, Georgetown, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 16, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Brandon T. Showell ("Plaintiff"), an inmate at Sussex Correctional Institution ("SCI") in Georgetown, Delaware, commenced this action on January 12, 2021, pursuant to 42 U.S.C. § 1983.[1] (D.I. 1) He filed an Amended Complaint on January 23, 2021, and it is the operative pleading. (D.I. 5) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

On December 9, 2020, Plaintiff advised supervising officer Corporal Clay ("Clay") that there were inmates on the tier displaying what appeared to be COVID-19 related symptom. (D.I. 5 at 1) Clay returned with sick call slips and told Plaintiff that he would advise the building sergeant. (*Id.*) Plaintiff and other inmates submitted sick class slips and were pulled off the tier for COVID-19 testing. (*Id.*) Plaintiff alleges that medical personnel did not ask about or test other inmates who exhibited COVID-19 related symptoms. (*Id.* at 2)

Plaintiff alleges that he started experiencing "related symptoms" while his sick call slip was pending and, eventually, the institution healthcare contractor sent Plaintiff a memorandum that sick call slips were temporarily suspended until further notice. (*Id.*) Plaintiff alleges he was provided no follow-up care or examination after the COVID-19 test was conducted on December 11, 2020, and

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

medical did not monitor inmates' oxygen levels and temperatures until December 30, 2020, when there was a major surge of COVID-19 cases in the institution. (*Id.*)

Plaintiff alleges unsafe conditions due to COVID-19 exposure, deliberate indifference due to knowledge of the conditions and failure to respond reasonably to the risk, and negligence in failing to adequately investigate the COVID matter. Plaintiff seeks compensatory damages.

### III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (citing *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the

3

assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Immunity

The Delaware Department of Correction ("DOC") is a named defendant. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant. *See Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Jones v. Sussex Correctional Inst.*, 725 F. App'x 157, 159-160 (3d Cir. 2017); *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because the DOC is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008). Accordingly, the DOC will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) based upon its immunity from suit.

### B. Respondeat Superior/Personal Involvement

The Court turns next to Defendant Governor John Carney ("Carney") who appears to be named because he is the Governor of the State of Delaware. Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, a defendant is "liable only for [his] own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom., Taylor v. Barkes*, 575 U.S. 822 (2015). There are no allegations directed towards Governor Carney. In addition, to the extent Carney is named as a defendant under a theory of respondeat superior, it is well established that there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). Therefore, Carney will be dismissed as a defendant.

### C. Medical

Finally, Plaintiff names Medical Provider Centurion as a defendant. He alleges that Centurion let inmates who were potentially COVID-19 positive "remain in population" and this creased an unreasonable and unnecessary risk of death. (D.I. 5 at 3) Plaintiff also alleges that he was not adequately examined and was not asked necessary questions. (*Id.*)

To state a claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation marks omitted). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a

non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

To the extent Plaintiff attempts to raise claims on behalf of other inmates, the claim fails. Plaintiff is not an attorney and may not represent other inmates. To the extent Plaintiff raises a medical needs claim on his own behalf, those claims fail. Plaintiff alleges that at some time he experienced COVID-19 related symptoms, but does not describe them; nor does Plaintiff allege he had health factors that posed a risk for contracting the disease. He indicates that he was given a COVID-19 test, but there are no allegations that he tested positive for COVID. He alleges that sick call slips were temporary suspended but does not indicate for how long. From the allegations, it is apparent that it was no longer that 19 days. Absent further specific factual allegations about Plaintiff's alleged medical needs, the dates and circumstances of his conditions and requests for care, and the responses or interactions, if any, about that care, he has not alleged a plausible claim for deliberate indifference to his serious medical needs. Therefore, the medical claim will be dismissed. Plaintiff will be given leave to amend the medical needs claim.

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Amended Complaint for failure to state claims upon which relief may be granted and based upon immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2); (2) dismiss Governor John Carney and the Delaware Department of Correction as Defendants; and (3) give Plaintiff leave to amend the medical needs claim against Centurion.

An appropriate Order will be entered.