IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRANDON T. SHOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-025 (VAC) |
| | ) |
| MEDICAL PROVIDER CENTURION, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Brandon Troy Showell, Sussex Correctional Institution, Georgetown, Delaware.  Pro Se Plaintiff.

April 26, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Brandon T. Showell ("Plaintiff"), an inmate at Sussex Correctional Institution ("SCI") in Georgetown, Delaware, commenced this action on January 12, 2021 against Governor John Carney, the Delaware Department of Corrections and the medical provider Centurion, pursuant to 42 U.S.C. § 1983[1]. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Plaintiff filed an Amended Complaint on January 25, 2021. (D.I. 5). The Amended Complaint was dismissed on August 16, 2021 and Plaintiff was given leave to amend. (D.I. 8, 9). A Second Amended Complaint was filed on September 13, 2021 and contains allegations against Centurion. (D.I. 10). This Court proceeds to review and screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

**I.      BACKGROUND**

On December 9, 2020, Plaintiff advised supervising officer Corporal Clay ("Clay") that there were inmates on the tier displaying what appeared to be COVID-19 related symptom. (D.I. 10 at 1). Clay returned with sick call slips and told Plaintiff that he would advise the building sergeant. (*Id*.). Plaintiff alleges that medical personnel did not ask about, or test, inmates who exhibited COVID-19 related symptoms and did not make an effort to remove the potential COVID-19 threat. (*Id*. at 2).

On December 12, 2020, Plaintiff and six other inmates who had received sick call slips were pulled off the tier to be tested for COVID-19. (*Id*.). At that time Plaintiff had no symptoms and tested negative. (*Id*.). Plaintiff alleges that inmates who exhibited COVID-19 symptoms were not included in the group that was tested and continued to reside with other inmates. (*Id*.). On or

---

[1]      When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

about December 13, 2020, Plaintiff started experiencing "related symptoms," including headache, body aches, loss of taste and smell and fever. (*Id*.). Plaintiff alleges that despite this, no follow-up care or examination was provided to him after his COVID-19 test, and medical personnel did not monitor inmates' oxygen levels and temperatures until December 30, 2020, when there was a major surge of COVID-19 cases in the institution. (*Id*.). Plaintiff was against tested on January 20, 2021, although by that time he was no longer symptomatic. (*Id*. at 4). His second test was also negative. (*Id*.). Plaintiff alleges that Centurion was negligent in the handling of the COVID-19 exposure and testing provided to him. The Second Amended Complaint does not contain a prayer for relief.

## II.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Second Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court, however, must grant a plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

3

and *Twombly*, 550 U.S. at 570).  Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *See Connelly v. Lane Const. Corp*., 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  DISCUSSION

Plaintiff alleges that Centurion allowed inmates who were potentially COVID-19 positive to remain in the population with other inmates.  He alleges that due to the outbreak sick calls were temporarily suspended and that there was inadequate or a delay in testing.  Plaintiff repeatedly alleges that Centurion acted negligently in responding to the COVID-19 pandemic.

To state a claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person

4

would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Plaintiff has an underlying cardiac condition that placed him at risk for contracting COVID-19. Plaintiff was tested twice and both tests were negative. Plaintiff claims, however, that when he experienced COVID-19 related symptoms he was not tested so he does not know if contracted COVID-19. Although Plaintiff added facts to the Second Amendment Complaint, the amendment did not cure the pleading defects. At most, Plaintiff alleges negligence by Centurion. Negligence, however, does not rise to the level of a constitutional violation and is not a cognizable claim under 42 U.S.C. § 1983.

Plaintiff was given an opportunity to cure his pleading defects to no avail. The Court finds further amendment futile.

**IV.   CONCLUSION**

For the above reasons, the Court will dismiss the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate Order will be entered.